*291 TAYLOR, J.
The issue presented in this case is whether first-degree child abuse[1] requires the prosecution to establish only that defendant intended to commit an act that causes serious physical harm or whether it requires the prosecution to prove not only that defendant intended the act, but also that, by so acting, she intended to cause serious physical harm or knew that serious physical harm would be caused.
We hold that, pursuant to the current language of the statute, first-degree child abuse requires the prosecution to establish, and the jury to be instructed that to convict it must find, not only that defendant intended to commit the act, but also that defendant intended to cause serious physical harm or knew that serious physical harm would be caused by her act. Because the Court of Appeals reached the same result, we affirm its decision, but for different reasons.
FACTS[2]
On June 28, 2002, defendant left her two children, Adonnis, age three, and Acacia, age ten months, in her car, a black Dodge Neon, while she visited a beauty salon. The children were belted in their seats, and defendant’s car was parked some distance from the salon, in an unshaded, asphalt parking lot. The temperature that day was in the eighties. The child-safety *292 locks on the car were engaged, and the driver’s side window and possibly a rear window were rolled down 1 to lVa inches.
During her appointment, which lasted approximately 3V2 hours,[3] defendant had her hair washed, relaxed, and styled. She also had a sit-up massage, tried on a sundress, and purchased a snack. Defendant did not mention the children to anyone in the salon and never left the salon to check on the children.
When defendant returned to her car after the appointment, her children were dead. Acacia was lying on the floorboard near the back seat, and Adonnis was lying on the back seat. The children had died of hyper-thermia, or heat exposure. After discovering the children in that state, defendant drove around for several hours before driving to a hospital emergency room around 11:00 P.M.
When initially questioned by the police, defendant indicated that she had been abducted and raped and that her children had been left in her car during the abduction. But when confronted by the police, she admitted that she had left her children in the car while she was at the beauty salon. Defendant then provided a written statement to the police. When asked why she made up the story about the abduction, she responded, “So that I wouldn’t appear to be a horrible person, someone who left their [sic] children in a hot car.” She also stated, “I had never left them in the car before and I didn’t know (was too stupid to know) that they would die. I didn’t want them to die.”
*293 Defendant was charged with two counts of felony murder, with first-degree child abuse as the underlying felony.
Following the preliminary examination, the district court declined to bind defendant over on the felony-murder charges and bound defendant over on two counts of involuntary manslaughter. The district court concluded that first-degree child abuse was a specific intent crime and that there was not sufficient evidence to establish probable cause to believe that defendant knowingly or intentionally caused her children’s deaths. The district court noted that defendant had stated that she did not intend to hurt her children but that she was too stupid to know that they would die, and that there was no evidence in the record to negate this statement. Consequently, the district court determined that there was insufficient evidence of intent to establish the underlying felony of first-degree child abuse.
The prosecution moved to have the circuit court reinstate the felony-murder charges. The circuit court granted the prosecution’s motion, reversing the district court and reinstating the felony-murder charges. The circuit court reasoned that first-degree child abuse was a general intent, not a specific intent, crime. Thus, the circuit court concluded that the prosecution was required to establish that defendant had the intent to perform the physical act itself that resulted in the children’s death. The circuit court concluded that the prosecution had presented sufficient evidence that defendant intended to leave her children alone in the car for several hours and that there was probable cause to believe that defendant committed the crimes of first-degree child abuse and second-degree murder.
*294 Defendant filed an interlocutory appeal in the Court of Appeals. Although the Court of Appeals held, in a two-to-one decision, that first-degree child abuse was a specific intent crime rather than a general intent crime, it affirmed the circuit court’s decision to reinstate the felony-murder charges because it determined that there was sufficient evidence of intent to find probable cause to believe that defendant had committed first-degree child abuse and, consequently, to bind defendant over on the felony-murder charges.[4] In so concluding, the Court of Appeals relied on the analysis of People v Gould, 225 Mich App 79; 570 NW2d 140 (1997), and further explained that the facts belied defendant’s claim of ignorance of the risks of leaving her children in a hot car.
The concurring Court of Appeals judge stated that he would have concluded that first-degree child abuse is a general intent crime rather than a specific intent crime.
This Court granted the prosecution leave to appeal “limited to the issue whether it is sufficient to instruct the jury using the statutory language regarding intent (‘. . . knowingly or intentionally causes serious physical or sérious mental harm to a child’), MCL 750.136b(2), or whether it is also necessary to instruct the jury regarding ‘specific intent.’ ”[5]
STANDARD OF REVIEW
We review de novo any question of the proper interpretation of the underlying criminal law, including the intent required. People v Perkins, 468 Mich 448, 452; 662 NW2d 727 (2003).
*295 ANALYSIS
When construing a statute, this Court’s goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. Where the language is unambiguous, we give the words their plain meaning and apply the statute as written. People v Borchard-Ruhland, 460 Mich 278, 284; 597 NW2d 1 (1999).
The child abuse statute, MCL 750.136b(2), provides:
A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child. Child abuse in the first degree is a felony punishable by imprisonment for not more than 15 years. [Emphasis added.]
The prosecution contends that the italicized language only requires the prosecution to prove that defendant intended to leave her children in the car, not that she intended to seriously harm them by leaving them in the car. We disagree with this argument because it is contrary to the plain language of the statute.
The plain language of the statute requires that to be convicted of first-degree child abuse, a person “knowingly or intentionally causes serious physical harm or serious mental harm to a child.” MCL 760.136b(2). The phrase “knowingly or intentionally” modifies the phrase “causes serious physical or serious mental harm to a child.” Thus, this language requires more from defendant than an intent to commit an act. The prosecution must prove that by leaving her children in the car, the defendant intended to cause serious physical or mental harm to the children or that she knew that serious mental or physical harm would be caused by leaving them in the car. The recommended standard jury instruction for first-degree child abuse, CJI2d *296 17.18, correctly focuses the jury by directing it to this method of analysis.[6] We find it is unnecessary for the jury to be given further instruction on “specific intent,” such as that found in CJI2d 3.9. The need to draw the common-law distinction between “specific” and “general” intent is not required under the plain language of the statute, as long as the jury is instructed that it must find that defendant either knowingly or intentionally caused the harm. Moreover, the enactment of MCL 768.37, which abolished the defense of voluntary intoxication except in one narrow circumstance, has signifi *297 cantly diminished the need to categorize crimes as being either “specific” or “general” intent crimes.
CONCLUSION
We conclude that the charge of first-degree child abuse in this case requires the prosecution to establish, and the jury to be instructed that to convict it must find, not only that defendant intended to leave her children in the car, but also that, by doing so, defendant intended to cause serious physical harm or that she knew that serious physical harm would be caused. Accordingly, we affirm the Court of Appeals decision affirming the circuit court’s reinstatement of the felony-murder charges against defendant and remand this case to the trial court for proceedings consistent with this opinion.
Corrigan, C.J., and Young and Markman, JJ., concurred with Taylor, J.

 MCL 750.136b(2). This statute provides:
A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child. Child abuse in the first degree is a felony punishable by imprisonment for not more than fifteen years.

 This case has not yet been tried; all facts are taken from the preliminary examination transcript.

 The appointment started about 4:00 or 4:20 P.M. and ended about 7:30 or 7:50 P.M.

 256 Mich App 238; 662 NW2d 468 (2003).

 468 Mich 946 (2003).

 CJI2d 17.18 states:
(1) The defendant is charged with the crime of first-degree child abuse. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

[Choose (2) or (3):]

(2) First, that [name defendant] is the [parent/guardian] of [name child].
(3) First, that [name defendant] had care or custody of or authority over [name child] when the abuse allegedly happened.
(4) Second, that the defendant either knowingly or intentionally caused [serious physical harm/serious mental harm] to [name child].

[Choose (a) or (b):]

(a) By “serious physical harm” I mean any physical injury to a child that seriously impairs the child’s health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut.
(b) By “serious mental harm” I mean an injury to a child’s mental condition that results in visible signs of an impairment in the child’s judgment, behavior, ability to recognize reality, or ability to cope with the ordinary demands of life.
(5) Third, that [name child] was at the time under the age of 18.