# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

YUMAR ANTONIO BURKS,

        Defendant-Appellant.

FOR PUBLICATION
December 2, 2014

No.  314579
Ingham Circuit Court
LC No.  11-000565-FC

Before:  WILDER, P.J., and FITZGERALD and MARKEY, JJ.

MARKEY, J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusion that the trial court erred by refusing to instruct the jury on the lesser-included offense of second-degree child abuse, MCL 750.136b(3). I, do, however, respectfully disagree that the error was harmless.  On the facts of this case, the only difference between first and second-degree child abuse, MCL 750.136b(2), was defendant's state of mind.  See *People v Maynor*, 470 Mich 289, 291; 683 NW2d 565 (2004) (A conviction for first-degree child abuse requires proof "not only that defendant intended to commit the act, but also that defendant intended to cause serious physical harm or knew that serious physical harm would be caused by her act.").  Defendant testified at trial that he acted without the requisite state of mind.  Although the jury clearly rejected defendant's testimony on this point, they were faced with the prospect of finding defendant not guilty on these egregious facts or convicting defendant of what in Michigan is a capital offense, felony-murder supported by first-degree child abuse.

In finding the error in this case harmless, the majority relies on *People v Cornell*, 466 Mich 335, 361; 646 NW2d 127 (2002), which held that the harmless error analysis applies "to instructional errors involving necessarily included lesser offenses."  The Court applied MCL 769.26, which provides: "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, . . . , unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of resulted in a miscarriage of justice."  See *Cornell*, 466 Mich at 362.  The Court also discussed *People v Lukity*, 460 Mich 484; 596 NW2d 607 (1999), a case in which the Court applied MCL 769.26 to evidentiary error.  *Cornell*, 466 Mich at 363-364.  The Court held in that case that under § 26, "a preserved, nonconstitutional error is not a ground for reversal unless 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative."  *Lukity*, 460 Mich at 495-496.  The majority applies this last formulation to conclude on review of

the evidence at trial that defendant "has not sustained his burden of demonstrating that, properly instructed, it was more probable than not that the jury would have convicted him of second-degree child abuse under MCL 750.136b(3)(b) rather than first-degree child abuse."

In my opinion, it is not the result that the jury reached in this case that is a miscarriage of justice, but rather the process by which the result was reached. In our system of criminal justice, in which the right to a trial by jury is guaranteed by both the federal, US Const, AM 6 & 14, and Michigan Constitution, Const 1963, art 1, §§ 14, 20, the jury and not judges decide the facts of the case. It is the responsibility of the jury alone to determine the weight and credibility of all testimony, including that of a defendant regarding his actions and intent. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), mod 441 Mich 1201 (1992). In this case, in refusing to instruct on second-degree child abuse, the trial court determined that defendant's testimony was not credible in light of the other evidence. But defendant's credibility was for the jury, not the judge, to determine. And, while the majority may be correct in finding that it is more probable than not that even if instructed regarding second-degree child abuse the jury would have reached the same result, this conclusion is based on a *judicial* assessment of defendant's credibility and the strength of the other evidence.

The *Cornell* Court opined that "the reliability of the verdict is undermined when the evidence 'clearly' supports the lesser included instruction, but the instruction is not given." *Cornell*, 466 Mich at 365. "In other words, it is only when there is substantial evidence to support the requested instruction that an appellate court should reverse the conviction." *Id*. The Court further noted that in applying this "substantial evidence" test, an appellate court must consider the "entire cause," as MCL 769.26 requires. *Cornell*, 466 Mich at 365-366. Also, "more than an evidentiary dispute regarding the element that differentiates the lesser from the greater offense is required to *reverse* a conviction." *Id*. (Emphasis in original). But the Court cautioned that "substantial evidence in support of one offense does not necessarily preclude there also being substantial evidence in support of the other offense." *Id*., n 20. "[T]here may be cases where both the lesser and the greater offenses are supported by substantial evidence." *Id*.

In my view, the majority misapplies the "substantial evidence" test as explained in *Cornell* by sanctioning a judicial assessment regarding the probability of outcomes on the basis of the evidence at trial, including the judicial assessment of defendant's credibility. Rather, in this case, in reviewing the "entire cause," MCL 769.26, I am compelled to conclude there was the requisite substantial evidence supporting both first-degree and second-degree child abuse. *Cornell*, 466 Mich at 366, n 20. The difference between the two offenses was whether defendant acted *intending* to commit the harm inflicted or knew that such harm would occur. *Maynor*, 470 Mich at 291, 296. Defendant's own testimony certainly supported his theory of the case; consequently, I conclude it was error warranting reversal for the trial court to refuse to instruct on second-degree child abuse where substantial evidence supported convicting on that offense if the jury either believed defendant's testimony or harbored reasonable doubt regarding his mental state. Accordingly, I would reverse and remand for a new trial.

/s/ Jane E. Markey