# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TOREN VICTOR HAINS,

       Defendant-Appellant.

UNPUBLISHED
November 24, 2015

No. 322507
Kalamazoo Circuit Court
LC No. 2013-001463-FC

Before: MARKEY, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree child abuse, MCL 750.136b(2); and felony murder, MCL 750.316(1)(b). The trial court sentenced him to 10 to 30 years' imprisonment for the first-degree child abuse conviction and life without parole for the felony-murder conviction. The victim was a 14-month-old child; defendant had been living with the child's mother as a roommate in exchange for caring for the child while the mother worked. The child was found to have severe injuries and significant levels of alcohol and THC in her body. Defendant appeals his convictions by right. We affirm.

Defendant first argues that there was insufficient evidence to support his convictions. We disagree. We review the sufficiency of the evidence de novo. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010). In doing so, we view "the evidence in the light most favorable to the prosecution" and determine "whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. at 175. Defendant does not directly challenge his felony murder conviction, but rather seemingly relies on the argument that there is insufficient evidence for the underlying felony of first-degree child abuse.

First-degree child abuse entails "knowingly or intentionally caus[ing] serious physical or serious mental harm to a child." MCL 750.136b(2). There is no serious dispute that the child suffered serious physical harm here; defendant only contends that there was insufficient evidence that he knowingly or intentionally caused that harm. In other words, defendant challenges whether "defendant intended to [commit the act], [and] also that, by doing so, defendant intended to cause serious physical harm or [he] knew that serious physical harm would be caused." *People v Maynor*, 470 Mich 289, 297; 683 NW2d 565 (2004). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal

-1-

circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

Defendant provided somewhat conflicting accounts of how the victim came to be injured, but they were all to the general effect that she fell, either from his arms or from a bed. Expert testimony, however, found the nature and extent of the victim's injuries inconsistent with a mere fall because they would have required substantial force; such injuries were more common in "high speed motor vehicle collisions." The mother testified that the victim frequently suffered scrapes or bruises after defendant had watched her, and the experts found evidence of healing fractures on the victim's ribs. Defendant made marijuana-laced brownies the night before the victim died and denied giving the victim any brownies or alcohol, but as noted, THC and alcohol were found in her body.

The jury is generally entitled to believe what it likes, *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980), subject only to the limitation that a finding of guilt must be based on evidence actually admitted and that it must be rationally possible from that evidence to find the defendant guilty beyond a reasonable doubt. *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883); *People v Hampton*, 407 Mich 354, 366-368; 285 NW2d 284 (1979). Consequently, the jury is entitled to pick and choose what evidence to believe so long as its conclusion does not mandate the invention of evidence not admitted. Even without remarking on defendant's peculiar behavior during and after his attempts to solicit help for the victim, the discrepancy between his explanations and the evidence of how much force was needed to cause the victim's injuries would alone be enough for reasonable minds to conclude that defendant intentionally inflicted the harm upon the victim with full knowledge that serious harm would ensue. *Kanaan*, 278 Mich App at 622; *Maynor*, 470 Mich at 297. Therefore, viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find defendant guilty of first-degree child abuse.[1] *Harverson*, 291 Mich App at 175.

Next, defendant argues that expert witness testimony improperly invaded the province of the jury. Specifically, defendant argues that the experts rendered opinions determining that he was guilty of the charged offenses. We disagree. We review this unpreserved issue for plain error. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Under the plain error standard, defendant bears the burden of showing: "(1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. Defendant also contends that trial counsel was ineffective for failing to object to the experts' conclusions. Because we

---

[1] As discussed, defendant does not directly challenge his conviction for felony murder, but we note that the same evidence prompts a reasonable inference that defendant killed the victim and intended to do great bodily harm to the victim. Because first-degree child abuse is one of the specifically enumerated crimes in MCL 750.316(1)(b), there was sufficient evidence for a rational trier of fact to find defendant guilty of felony murder. *Harverson*, 291 Mich App at 175; see also *People v Carines*, 460 Mich 750, 759-761; 597 NW2d 130 (1999).

conclude that no impropriety occurred, we need not consider defendant's ineffective assistance argument.  See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Under MRE 704, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  It is likewise not objectionable because "the ultimate determination of guilt or innocence may well turn on whether that expert opinion is believed or disbelieved."  *People v Robinson*, 417 Mich 231, 234-235; 331 NW2d 226 (1983).  Rather, an expert witness may not opine outright whether the defendant is guilty or not guilty of the charged offense.  See *People v Peterson*, 450 Mich 349, 352; 537 NW2d 857 (1995), amended in part on other grounds 450 Mich 1212 (1995).  The experts here did not do so; opinions that the victim's injuries were consistent with child abuse and inconsistent with a mere fall are not opinions that defendant committed any particular crime.  Opinions that the victim's death constituted a medical "homicide" and that the victim had levels of alcohol and THC in her body sufficient to impair an adult driver also do not constitute opinions that defendant committed a crime.  Simply because the expert testimony may have influenced the jury's decision of guilt or innocence did not make the testimony improper.  *Robinson*, 417 Mich at 234-235.  Defendant thus has not shown plain error in the admission of the expert testimony.  *Jones*, 468 Mich at 355.

Affirmed.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Amy Ronayne Krause