# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARKQUEL JUAN PRICE,

        Defendant-Appellant.

UNPUBLISHED
December 17, 2015

No. 323375
Eaton Circuit Court
LC No. 13-020328-FH

---

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of first-degree child abuse, MCL 750.136b(2), for which the trial court sentenced him to 27 months' to 25 years' imprisonment. We affirm.

This case arose when defendant's two-week-old daughter suffered a serious leg fracture. The evidence at trial indicated that when defendant and the infant's mother brought the child to the hospital emergency room, doctors diagnosed the infant with a severe femur fracture, but no other injuries, and test results showed no hereditary bone condition or other predisposition to bone fracturing. Defendant and the infant's mother consistently told doctors that they did not know what caused the injury, but that the infant was in defendant's sole care after 5:00 a.m. on the morning in question, and that defendant first noticed that one of the infant's legs appeared larger than the other while he was feeding or changing the infant.

The medical resident who treated the infant testified that considering the infant's previous good record of health, her age, and the nature of the injury, the femur fracture was most likely the result of abuse. The hospital's child-abuse specialist also opined that "the child suffered an abusive injury" in light of the severity of the fracture in the non-ambulatory infant, the fact that the infant could not have caused the injury to herself, and the lack of accidental explanation. He testified that a significant level of force would be needed to break an infant's femur, and that the infant's injury was inconsistent with a rollover accident in a co-sleeping situation. He further stated that the parents' stories indicated that the infant was not showing any signs of injury when defendant first took her from the mother on the morning in question. The pediatric orthopedic surgeon who treated the infant testified that a two-week-old infant could not roll over or walk on her own, thus the injury could not have been self-inflicted. He said that he observed no additional bruises or injuries that would be expected with a rollover accident, and that it would

-1-

have taken significant force to break the infant's femur. All three doctors testified that it was unlikely that the infant's injury was caused accidentally.

Tape recordings and transcripts of several interviews of defendant from the investigation that followed were admitted as evidence. The Child Protective Services worker and police officer who conducted the interviews testified that defendant's story changed over time. During the interviews, and in conversation with another police officer, defendant offered the explanation that he might have caused the injury by accidentally pushing the infant's leg forward when he dozed off while changing her diaper; however, defendant repeatedly professed having difficulty remembering the sequence of events because he was very tired at the time in question.

Defendant's sole argument on appeal is that the prosecution failed to present sufficient evidence to support his conviction. We review de novo a challenge to the sufficiency of the evidence to support a criminal conviction. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). In doing so, we "examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor." *Id*. at 196. Evidence is sufficient if a "rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *Id*. We will not, however, infringe upon the "jury's assessment of the weight and credibility of witnesses or evidence, and the elements of an offense may be established on the basis of circumstantial evidence and reasonable inferences from the evidence." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013) (citations omitted).

A person is guilty of first-degree child abuse if the person "knowingly or intentionally causes serious physical or serious mental harm to a child." MCL 750.136b(2). There is no dispute that the infant's age, defendant's relationship to her, and the nature of the infant's injury satisfy the pertinent statutory criteria.[1] Defendant's sole argument on appeal is that the evidence was insufficient for a rational juror to conclude, beyond a reasonable doubt, that defendant intentionally or knowingly caused serious harm to his daughter. We disagree.

To convict a defendant of first-degree child abuse, the prosecution must establish that the defendant intended to cause serious physical harm, or knew that such harm would result from his actions. *People v Maynor*, 470 Mich 289, 295; 683 NW2d 565 (2004). An actor's state of mind may be inferred from all of the facts and circumstances, and because of the inherent difficulties of proving intent, minimal circumstantial evidence is sufficient. *Ericksen*, 288 Mich App at 197; *People v Fetterley*, 229 Mich App 511, 517-518; 583 NW2d 199 (1998).

In this case, the evidence demonstrated that the infant did not appear to be injured when she was last with her mother, and she first exhibited signs of distress while in defendant's exclusive care. Testimony also showed that the injury presented here could not have been self-inflicted, that significant force would have been required to cause the injury, and that such an injury in a two-week-old child normally indicated abuse. Considering this evidence, along with defendant's unsatisfactory explanations of what happened, we conclude that the prosecution

---

[1] MCL 750.136b(1)(a), (d), and (f).

presented sufficient evidence to persuade a rational juror beyond a reasonable doubt that the infant's fractured femur resulted from some action that defendant took with knowledge that it would result in serious physical harm to the child.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood