# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HARRELL ROBERT WRIGHT,

Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 331182
Wayne Circuit Court
LC No. 15-007229-01-FC

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for assault with intent to do great bodily harm less than murder, MCL 750.84, felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, assault with a dangerous weapon, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 38 to 120 months' imprisonment for assault with intent to do great bodily harm less than murder, one to five years' imprisonment for felon in possession of a firearm, one to five years' imprisonment for carrying a concealed weapon, one to four years' imprisonment for assault with a dangerous weapon, and two years' imprisonment for felony-firearm. We affirm.

This case arises from the assault of the victim while he was driving on his way home from work. The victim's first contact with defendant was defendant using his sport utility vehicle to push the victim into an intersection and then pulling up beside the victim and pointing a gun at him. The victim called 911 and stopped across the street from a gas station, where defendant had stopped, in order to get defendant's license plate number. While the victim was on the phone with the 911 operator, defendant sped out of the gas station and again pulled up behind the victim, who had started driving away. While the victim was trying to get away from defendant, and while he was still on the phone with 911, defendant fired shots at the victim. The victim testified that he had never met defendant before this incident. At trial, the 911 call and video surveillance of defendant at the gas station were admitted into evidence.

## I. PROSECUTORIAL MISCONDUCT

Defendant argues that he was denied a fair trial when the prosecutor engaged in misconduct by arguing facts not in evidence during his rebuttal closing argument, which went

directly to the defense's theory that, due to the timing of the 911 call and gas station video surveillance, defendant could not have been shooting at the victim as described in the 911 call. We disagree.

In his closing argument, defense counsel argued that it was physically impossible for defendant to have followed the victim and fired shots at him because the time stamp on the gas station's video surveillance system shows that defendant was at the station until 11:55 p.m. and the time stamp on the recording of the 911 call describing the incident indicates that the call concluded about 11:53 p.m. In his rebuttal closing argument, the prosecutor gave an example from his personal sailing experience that a person can get a GPS navigation program for his or her cellular telephone that will display two different times, those times being GPS time and the time from a cellular telephone tower. The prosecutor also noted that a VCR and cable box can display two different times. The prosecutor went on to argue that there was no testimony that the gas station video was synced up to the 911 system and that a two minute difference does not provide reasonable doubt.

"Defendant failed to object to the comment at trial; therefore, this issue is forfeited unless defendant demonstrates outcome-determinative plain error." *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). "On plain-error review, the burden is on the defendant to establish (1) error; (2) that was plain, meaning clear or obvious; (3) and that caused prejudice, meaning that the error affected the outcome of the lower court proceedings." *People v Jones*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 332018); slip op at 3 (internal quotation marks and citation omitted). This Court will only reverse where the error resulted in the conviction of an innocent defendant or it "seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. "[T]his Court cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (2010) (internal quotation notation and citation omitted).

"A prosecutor may not make a statement of fact to the jury that is not supported by evidence presented at trial." *People v Unger*, 278 Mich App 210, 241; 749 NW2d 272 (2008). "Although a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented, the prosecutor may argue reasonable inferences from the evidence." *Watson*, 245 Mich App at 588. Prosecutors are generally given a lot of leeway and are "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236. "To determine if a prosecutor's comments were improper, we evaluate the prosecutor's remarks in context, in light of defense counsel's arguments and the relationship of these comments to the admitted evidence." *People v Seals,* 285 Mich App 1, 22; 776 NW2d 314 (2009).

Defendant has not met his burden to prove the prosecutor erred when he made these comments. A prosecutor is allowed to offer theories based on reasonable inference from the evidence to explain inconsistencies. *People v Lee*, 212 Mich App 228, 254–55; 537 NW2d 233 (1995); *People v Lane*, 308 Mich App 38, 67; 862 NW2d 446 (2014) (explaining that a prosecutor was not arguing facts in evidence, but rather, was offering a theory where a witness had testified that the victim's eyes were open, and the prosecutor argued that a deceased person's eyes could be open). Furthermore, an "otherwise improper comment may not rise to an error

requiring reversal when the prosecutor is responding to the defense counsel's argument." *Watson*, 245 Mich App at 593 (internal quotation marks and citation omitted).

The 911 call and the surveillance video from the gas station were admitted into evidence and the jury heard testimony regarding the timing of each of these pieces of evidence. The majority of defense counsel's closing argument was devoted to the timing of the 911 call versus the gas station surveillance video, and how this proved that defendant could not have been chasing and shooting at the victim. The prosecutor's comments were made in rebuttal to defense counsel's argument, and provided a theory explaining why the timestamps on the 911 call and surveillance video may have been inconsistent. The prosecutor was "not required to phrase [his] argument[] in the blandest of all possible terms." *People v Ullah*, 216 Mich App 669, 678; 550 NW2d 568 (1996). Therefore, we conclude that the prosecutor's comments were not plain error.

Moreover, "a timely objection and curative instruction would have been sufficient to alleviate any prejudicial effect of these inappropriate prosecutorial arguments." *Unger*, 278 Mich App at 241. Even though defense counsel did not object and request a curative instruction, the trial court, nevertheless, instructed the jury at the beginning and end of the trial that the lawyers' statements and arguments are not evidence. These instructions "dispelled any prejudice" to defendant and preclude defendant from meeting his burden to show plain error affecting his substantial rights. *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995).

## II. JURY INSTRUCTIONS

Defendant argues that he was denied a fair trial because the trial court did not follow the model criminal jury instructions, and, instead, gave excessively lengthy and unclear instructions, and an inappropriate instruction on specific intent where the model instructions state that no instruction is to be given. We disagree.

"[T]his Court has consistently held that an affirmative statement that there are no objections to the jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal." *People v Hershey*, 303 Mich App 330, 351; 844 NW2d 127 (2013) (internal quotation marks and citation omitted). Because defense counsel stated on the record that he had no objections to any of the jury instructions that the court had just read, and he made no request for the model jury instructions, defendant has waived appellate review of this issue.

Nonetheless, even had defendant not waived review of this issue, we would still find no merit in his claim on appeal. "This Court reviews unpreserved challenges to jury instructions for plain error affecting a party's substantial rights." *People v Jackson*, 313 Mich App 409, 421; 884 NW2d 297 (2015). Again, we note that, "[o]n plain-error review, the burden is on the defendant to establish (1) error; (2) that was plain, meaning clear or obvious; (3) and that caused prejudice, meaning that the error affected the outcome of the lower court proceedings." *Jones*, ___ Mich App at ___; slip op at 3 (internal quotation marks and citation omitted). However, even where a defendant meets these three requirements, this Court will only reverse where the error resulted in the conviction of an innocent defendant or it "seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*.

-3-

MCR 2.512(D)(2) requires that the Model Criminal Jury Instructions be used when they (1) are applicable, (2) accurately state the applicable law, and (3) are requested by a party. *People v Traver*, 316 Mich App 588, ___; ___ NW2d ___ (2016) (Docket No. 325883); slip op at 5. There is nothing in the lower court record to support that either party requested that the trial court use the Model Criminal Jury Instructions. Thus, the trial court was not required to use the model instructions.

Even though the trial court was not required to use the model jury instructions, defendant is still entitled "to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80-81; 537 NW2d 909 (1995). Jury instructions should be considered as a whole when reviewed for error requiring reversal. *People v Richardson*, 490 Mich 115, 119; 803 NW2d 302 (2011). The trial court's instructions to the jury must include all elements for each offense charged. *People v Bartlett*, 231 Mich App 139, 143; 585 NW2d 341 (1998). The instructions also must not omit material issues, defenses, or theories that are supported by the evidence. *Id*. "Even if somewhat imperfect, instructions do not create error if they fairly present to the jury the issues tried and sufficiently protect defendant's rights." *Id*. at 143-144.

Defendant argues that the trial court's jury instructions were not understandable and concise as required for nonmodel instructions. Additionally, defendant argues that the trial court failed to instruct the jury that a defendant is not required to prove his innocence and that exhibits are evidence, and statements by the attorneys or the judge are not evidence. We disagree.

The trial court's instructions to the jury, reviewed in their entirety, adequately presented the issues and elements, and sufficiently protected defendant's rights. The jury instructions presented the elements of each crime. The trial court instructed that defendant was presumed innocent, that defendant was not required to present any evidence in his own defense, and that the prosecution had the burden to prove each element of each crime beyond a reasonable doubt. The trial court also instructed the jurors that they were to base their decision on the evidence, which included witness testimony and exhibits, and that the attorney's statements were not evidence. While the trial court's instructions may not have been at all times concise, they were clear and understandable and addressed all the areas in which defendant argues the trial court erred. When read in their entirety, the jury instructions presented all the material issues and defenses to the jury and sufficiently protected defendant's rights.

Defendant also argues that the trial court erred when it gave an instruction for "specific intent," relying on MCR 2.512(D)(3), *People v Maynor*, 470 Mich 289; 683 NW2d 565 (2004), and the Committee on Model Jury Instructions' deletion[1] of the jury instruction for specific intent, CJI2d 3.9, in support of this argument. Again, we disagree.

Under MCR 2.512(D)(3), whenever the committee "recommends that no instruction be given on a particular matter, the court shall not give an instruction unless it specifically finds for

---

[1] Instructions that were deleted by an amendment to the Model Criminal Jury Instructions are noted as "[deleted]" next to the title of the former instruction.

reasons stated on the record that" (a) the instruction is needed to accurately state the law and (b) the issue is not adequately covered by another jury instruction. Defendant argues that MCR 2.512(D)(3) provides guidance for the use of deleted instructions. The plain and unambiguous language of MCR 2.512(D)(3), however, does not address deleted instructions; rather, it only requires that an instruction shall not be given where the committee recommends that no instruction be given.

The committee states that no instruction be given in exactly two instructions. In the note to M Crim JI 3.3, which addresses a defendant's right not to testify, the committee states, "If the defendant or counsel requests that no instruction be given, no instruction shall be given." And, in the note to M Crim JI 7.20, the committee similarly states, "If there is no evidence of self-defense, no instructions on self-defense should be given." These statements make plain that, if a trial court should not give an instruction, the notes to the model instructions will expressly state as much. See *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140, 146 (2011) ("Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion."). That no express restriction pertaining to specific intent is stated in the notes for assault with intent to do great bodily harm, M Crim JI 17.7, or assault with intent to murder, M Crim JI 17.3, confirms that the committee did not intend to preclude the trial court from providing an intent instruction.

Further, while defendant relies on *Maynor* to support his position that the committee's deletion of CJI2d 3.9 from the Model Criminal Jury Instructions evidences the committee's intent to preclude the trial court from giving a specific intent instruction, neither *Maynor* nor the committee state that giving an instruction on specific intent is an error. The *Maynor* court explained that an additional instruction on specific intent is *not necessary* where the trial court has included the requisite intent needed as an element of a particular crime in the jury instructions. *Maynor*, 470 Mich at 295-297. The committee noted that CJI2d 3.9 was "redundant at best and potentially confusing at worst." CJI2d 3.9 (Committee Note). These sources support that an instruction on specific intent is unnecessary, possibly redundant, and potentially confusing; yet, neither source states that a trial court's instruction on specific intent that is not redundant or confusing is reversible error. On appeal, defendant has not shown that the trial court's specific intent instruction improperly stated the law, confused the jury, or otherwise prejudiced his defense. Accordingly, the trial court's instruction was not plain error.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he was unconstitutionally deprived of the effective assistance of counsel in that his trial counsel failed to object to the prosecution's improper argument regarding facts not in evidence and that his trial counsel failed to object to the nonmodel jury instructions given by the trial court. We disagree.

Because, there is nothing in the record to indicate that defendant requested a new trial or a *Ginther*[2] hearing, this issue is unpreserved. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016).

Regarding the prosecutor's statements in rebuttal, as discussed above, we are unable to conclude that the prosecutor's statements were improper or that, even if improper, these statements prejudiced defendant in any way. Accordingly, trial counsel was not ineffective by not objecting to the prosecutor's statements.

Concerning defense counsel's decision not to request the model instructions, while defendant is correct that, had counsel requested these instructions, the trial court would have been required to provide them, see *Traver*, 316 Mich App at ___; slip op at 5, as explained above, defendant was not prejudiced by the lack of model instructions. Accordingly, defense counsel was not ineffective for not requesting them.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).